# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

WILLIAM LEE SHAFFER,

    Plaintiff,

v.                                                      CASE NO. 1:13-cv-00257-MP-CAS

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

_____/

## **O R D E R**

       This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 13, 2014. (Doc. 20). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at Doc. 21. I have made a de novo review based on those objections. Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted in part and rejected in part, and that this matter be recommitted to the Magistrate Judge for further consideration.

       In his Report and Recommendation, the Magistrate Judge recommended that the decision of the Commissioner, denying benefits, be affirmed. After providing a detailed description of the record evidence, the Magistrate Judge addressed the three issues presented by Plaintiff in this case: (1) whether the Administrative Law Judge ("ALJ") failed to explain the weight accorded to the opinion of Dr. Chodosh and the reasons for not crediting the portion of that opinion

regarding the frequency of Plaintiff's ability to lift and carry; (2) whether the ALJ failed to articulate good cause for not crediting the opinion of Dr. Bruce Thomas; and (3) whether the ALJ erred in his analysis of Plaintiff's ability to afford medical care and/or prescription medication.

Although Plaintiff reasserts each of these three arguments in his objections to the Report and Recommendation, the Court finds that, with respect to the second and third issues, the Report and Recommendation should be adopted and incorporated by reference.  Concerning the second issue, the Court agrees that, for the reasons stated in the Report and Recommendation, good cause existed for the ALJ to discount the opinion of Dr. Thomas, Plaintiff's primary care physician.  The ALJ found that Plaintiff's treatment with Dr. Thomas was sporadic and essentially conservative in nature.  The ALJ also found that Dr. Thomas' findings were not consistent with (1) his own assessment regarding Plaintiff's qualifications for a two-year commercial driver's license, (2) the medical evidence from the Trenton Medical Center/Palms Medical Group, and (3) Plaintiff's own reported activities of daily living.  Plaintiff does not dispute these findings, and the findings constitute good cause for discounting Dr. Thomas' opinions.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583–84 (11th Cir. 1991).  Likewise, regarding the third issue, as the Magistrate Judge correctly noted, the burden remained with Plaintiff to present evidence that he had sought out low-cost medical treatment but was denied treatment due to lack of finances.  *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005); *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999).  As Plaintiff failed to meet this burden, no error has been shown regarding the ALJ's consideration of Plaintiff's alleged inability to afford medical care and treatment.

However, with regard to the issue involving the opinion of Dr. Chodosh, the Court finds

that this matter should be recommitted to the Magistrate Judge for further consideration pursuant to 28 U.S.C. § 636(b)(1). As described in more detail in the Report and Recommendation, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), subject to the following limitations: Plaintiff "can never crawl or climb ropes, ladders, and scaffolds; only occasionally climb of ramps and stairs, balance, stoop, kneel, crouch, and reach overhead; and must avoid concentrated exposure to extreme cold, vibration, and hazards such as machinery and heights." R. 16.[1] Pursuant to §§ 404.1567(b) and 416.967(b), light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." In other words, the ALJ found that Plaintiff was able to perform work involving the *frequent* lifting or carrying of objects weighing up to 10 pounds, subject to the aforementioned limitations.

In making this RFC determination, the ALJ thoroughly discussed the record medical evidence, including the findings and opinions of Lance Chodosh, M.D. On June 22, 2011, Dr. Chodosh performed a consultative physical examination of Plaintiff at the request of the state disability agency. R. 20, 647–54. Regarding the lifting or carrying of objects, Dr. Chodosh noted that Plaintiff could lift 50 pounds but could not lift objects overhead. R. 20, 647. Among his impressions and comments, Dr. Chodosh opined that Plaintiff could "lift and carry *occasionally*, limited by probable lack of stamina." R. 650 (emphasis added). The ALJ explicitly noted this opinion in his written decision. R. 20.

In both his brief to the Magistrate Judge (doc. 16) and his instant objections (doc. 21), Plaintiff asserts that the ALJ's RFC determination directly conflicts with Dr. Chodosh's findings.

---

[1] Citations to the record shall be by the symbol "R." followed by a page number that appears in the lower right corner of the record.

Where Dr. Chodosh opined that Plaintiff could lift and carry *occasionally*, the ALJ's RFC determination of a restricted range of light work would require Plaintiff to be able to perform *frequent* lifting or carrying objects weighing up to 10 pounds.  Plaintiff claims that despite this conflict, the ALJ failed to adequately explain both the weight he gave to Dr. Chodosh's opinion and his reasons for rejecting Dr. Chodosh's opinion regarding the frequency of Plaintiff's lifting/carrying ability.  In light of these failures, Plaintiff requests that the Court reverse the decision of the Commissioner and remand for a proper analysis of Dr. Chodosh's opinion.

"Procedurally, an ALJ is 'required to state with particularity the weight he [gives] the different medical opinions and the reasons therefor.'" *Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "[B]ecause an ALJ is not permitted to substitute his judgment for that of the medical experts, the ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision." *Klien-Parris v. Astrue*, No. 1:10-cv-111-MP-GRJ, 2011 WL 4375047, at *11 (N.D. Fla. Aug. 18, 2011) (citing *Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986); *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982); *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)).  Absent such an explanation, "'it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Murphy v. Comm'r of Soc. Sec.*, No. 6:12-cv-451-Orl-31TBS, 2013 WL 4494122, at *7 (M.D. Fla. Aug. 19, 2013) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).  Accordingly, an ALJ's failure to state with particularity the weight given to different medical opinions and the reasons therefor "is reversible error."  *Davis v. Barnhart*, 186 F. App'x 965, 967 (11th Cir. 2006).

In this case, assuming, *arguendo*, that the ALJ's RFC determination was at odds with the

opinion of Dr. Chodosh, then the ALJ was required to both state with particularity the weight he accorded Dr. Chodosh's opinion and explain his reasons for rejecting Dr. Chodosh's opinion regarding the frequency of Plaintiff's ability to lift/carry.  However, having reviewed the ALJ's written decision, it is unclear where, if anywhere, the ALJ satisfied this requirement.  The ALJ made explicit statements regarding the weight accorded to the opinions of other providers, giving, for example, "great weight" to the opinions of Plaintiff's treating pain specialist and neurosurgeon, "little weight" to the opinion of Plaintiff's primary care physician, and "some weight" to the opinions of the non-examining physicians employed by the State Disability Determination Services.  R. 21, 23.  However, despite detailing the findings and opinions of Dr. Chodosh, the ALJ made no comparable statement with regard to the weight accorded to Dr. Chodosh's opinions.  R. 20.  Further, it is unclear how, if at all, the ALJ explained his reasons for seemingly rejecting Dr. Chodosh's opinion that Plaintiff could only lift and carry occasionally.

In analyzing this issue in his Report and Recommendation, the Magistrate Judge, in an almost verbatim recitation of the Commissioner's argument (*compare* doc. 19 at 10, *with* doc. 20 at 29), concluded that no error had been shown.  The Magistrate Judge first noted that "the ALJ referred to Dr. Junejo's report, who in turn referred to Dr. Chodosh's medical findings that Plaintiff could lift 50 pounds . . . ."  Doc. 20 at 29.  By way of background, in his written decision, the ALJ relied upon the report of Shakra Junejo, M.D., a non-examining state agency medical consultant who reviewed Dr. Chodosh's June 22, 2011 medical report.  R. 23, 663.  Dr. Junejo completed a Physical Residual Functional Capacity Assessment, finding that Plaintiff could lift and/or carry up to 20 pounds occasionally and 10 pounds frequently.  R. 656–57.  In doing so, Dr. Junejo explicitly referenced Dr. Chodosh's report that Plaintiff could lift 50 pounds

but not overhead; however, Dr. Junejo made no reference to Dr. Chodosh's opinion that Plaintiff could lift and carry occasionally.  R. 663.

In his analysis of the issue, the Magistrate Judge noted that "Plaintiff does not dispute or otherwise challenge the ALJ's evaluation of Dr. Junejo's report or the ALJ's determination that that [sic] there existed a number of other reasons to reach conclusions similar to that of Dr. Junejo."  Doc. 20 at 29.  However, this observation is not helpful to the Court.  That the ALJ relied upon Dr. Junejo's report, who in turn referred to Dr. Chodosh's opinion regarding Plaintiff's ability to lift 50 pounds, is irrelevant to the type of weight given by the ALJ to Dr. Chodosh's opinion regarding Plaintiff's ability to lift and carry occasionally.  As noted above, while Dr. Junejo's report makes specific reference to Dr. Chodosh's report that Plaintiff could lift 50 pounds, it makes no reference to Dr. Chodosh's opinion that Plaintiff could lift and carry occasionally.  R. 656–63.  Thus, although the ALJ may have relied upon Dr. Junejo's report and given the report "some weight," such reliance does not speak to the weight given by the ALJ to Dr. Chodosh's opinion regarding the frequency of Plaintiff's ability to lift and carry.  In other words, such does not explain the ALJ's reasons for seemingly rejecting that portion of Dr. Chodosh's opinion.

Ultimately, the Magistrate Judge found that the ALJ had "considered and weighed the medical evidence of record, which included Dr. Chodosh's report[,] and credited the reports to the extent that Plaintiff's ability to lift and carry corresponded with a restricted range of light work."  Doc. 20 at 29.  However, again, this statement does not speak to the issue of whether the ALJ stated with particularity both the weight given to Dr. Chodosh's opinion and his reasons for rejecting a portion of that opinion.  To parallel the language from the Report and Recommendation, the analysis fails to explain why the ALJ discredited Dr. Chodosh's report to

the extent that the report opined that Plaintiff's ability to lift and carry did not correspond with a restricted range of light work. The analysis explains neither the particular weight given by the ALJ to Dr. Chodosh's opinion nor the ALJ's reasons for seemingly rejecting a portion of that opinion.

In short, the Report and Recommendation fails to sufficiently explain how the ALJ stated with particularity both the weight he gave to Dr. Chodosh's opinion and his reasons therefor. *See Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010). The Court finds that the Magistrate Judge should be given the opportunity to supplement his explanation and analysis. Thus, in order to allow the Court to more fully consider this issue, the matter will be recommitted to the Magistrate Judge to explain with specificity whether the ALJ met this standard with regard to Dr. Chodosh's opinion.

Additionally, the Court notes that although an ALJ is required to explain with particularity the weight accorded to the different opinions of medical doctors, including those of consulting physicians, "in limited circumstances, the failure of an ALJ to state the weight given to the medical opinion of a physician may be harmless error." *Ostos v. Astrue*, No. 11-23559-CIV, 2012 WL 6182886, at *13 (S.D. Fla. Nov. 20, 2012) (citing *Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008)); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535–36 (6th Cir. 2001); *Miner v. Astrue*, No. 3:11-cv-50-J-TEM, 2012 WL 955221, at *5 (M.D. Fla. March 21, 2012). If the Magistrate Judge finds that the ALJ failed to explain with particularity the weight accorded to Dr. Chodosh's opinion and the reasons therefor, the Magistrate Judge shall consider and explain with specificity whether such error was harmless.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation (doc. 20) is adopted in part, rejected in part, and incorporated by reference in this order.

2. This matter is recommitted to the Magistrate Judge under 28 U.S.C. § 636(b)(1) with instructions to consider and explain with specificity whether the ALJ sufficiently explained with particularity the weight accorded to the opinion of Dr. Chodosh and the reasons therefor. If the Magistrate Judge finds that the ALJ failed to satisfy this standard, the Magistrate Judge shall consider and explain with specificity whether such error was harmless.

**DONE AND ORDERED** this  *20th* day of February, 2015

                                         *s/Maurice M. Paul*
                                    Maurice M. Paul, Senior District Judge